25CA1594 Peo in Interest of Baskerville 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1594
Pueblo County District Court No. 25MH30077
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Christon Baskerville,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Respondent, Christon Baskerville, appeals the district court order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to medicate him against his will.  We affirm.

I.    Background

¶ 2    Baskerville, also known as Christon X, was admitted to CMHHIP after being found incompetent to proceed on criminal charges.  According to the affidavit of Dr. Hareesh Pillai, Baskerville's treating physician, Baskerville has a history of psychiatric hospitalizations and suffers from psychosis – not otherwise specified.

¶ 3    CMHHIP began administering psychiatric medications to Baskerville against his will on an emergency basis after he challenged a peer to a fight, posturing with his fists up and threatening "I'll fuck you up."  The People then petitioned for a six-month order authorizing the continued involuntary administration of Zyprexa, Depakote, and Thorazine — Zyprexa and Depakote on a scheduled basis, and Thorazine only as needed for episodes of acute agitation or refusals of oral Depakote.

¶ 4    Both Dr. Pillai and Baskerville testified at the evidentiary hearing.  Dr. Pillai testified about each of the four elements required

1

for involuntary administration of medication under *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985).[1]  Dr. Pillai described Baskerville's symptoms, his agitated and aggressive behavior toward his peers in CMHHIP, and the need for an order authorizing the involuntary administration of both antipsychotic and mood-stabilizing medications.  Baskerville testified that he objected to taking psychiatric medications because, among other reasons listed in Part III.B below, he didn't need them, doing so is against his religious beliefs, and they cause sedation.  He preferred to treat himself with yoga and dancing.

¶ 5     At the conclusion of the hearing, the district court found Dr. Pillai's testimony to be credible and persuasive.  It found that the People had provided clear and convincing evidence for each of the *Medina* elements, and it issued an order authorizing CMHHIP

---

[1] When the state seeks to administer antipsychotic drugs to a mentally ill criminal defendant involuntarily so that he can stand trial, a reviewing court applies the Supreme Court's test in *Sell v. United States*, 539 U.S. 166, 178 (2003).  However, reviewing courts apply state law tests if the state, as here, seeks to administer antipsychotics involuntarily for "a different purpose," including a purpose "related to the individual's dangerousness, or . . . the individual's own interests where refusal to take drugs puts his health gravely at risk."  *Id.* at 181-82.

staff to administer all of the requested medications for a period of six months.

¶ 6      On appeal, Baskerville challenges the sufficiency of the evidence supporting the court's order.

## II.      Legal Authority and Standard of Review

¶ 7      A district court may authorize the involuntary administration of medication to a patient if the treating facility establishes each of the following *Medina* elements by clear and convincing evidence: (1) the patient is incompetent to participate effectively in the treatment decision; (2) treatment by medication is necessary either to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient causing serious harm to himself or others in the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment with medication is sufficiently compelling to override his bona fide and legitimate interest in refusing medication.  *Id.*; *see People in Interest of Strodtman*, 293 P.3d 123, 131 (Colo. App. 2011).  A physician's testimony alone may constitute clear and convincing evidence.  *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 8    When, as here, a patient challenges the sufficiency of the evidence, we review the record as a whole and, viewing it in the light most favorable to the People, determine whether the evidence is sufficient to support the court's decision. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23. We review the court's conclusions of law de novo and defer to its findings of fact if supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We also defer to the district court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences to be drawn from it. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

## III.    Analysis

¶ 9    Baskerville challenges the sufficiency of the evidence for only the first and fourth *Medina* elements. He argues that Dr. Pillai's testimony didn't show (1) that he was incapable of effectively participating in treatment decisions; or (2) a sufficiently compelling need to override his interests in refusing the requested medications. *See Medina*, 705 P.2d at 973-74. We conclude that the record provides ample support for the court's findings.

## A.    The First *Medina* Element

¶ 10    Baskerville argues that the evidence offered by the People falls short in light of his testimony acknowledging that he has a mental illness.  We disagree.

¶ 11    A patient is incompetent to effectively participate in treatment decisions when his "mental illness has so impaired his judgment as to render him 'incapable of participating in decisions affecting his health.'"  *Id.* at 973 (citation omitted).  Although the first *Medina* element may be satisfied if a patient fails to recognize that he has a mental illness, *see People in Interest of C.J.R.*, 2016 COA 133, ¶ 32, the converse isn't necessarily true.

¶ 12    Dr. Pillai testified, and the district court found credible, that Baskerville lacked insight into his mental illness and that he was incompetent to effectively participate in his treatment decisions because his mental illness causes paranoia, delusions, impulsivity, and agitation.

¶ 13    Baskerville's testimony provided support for Dr. Pillai's opinions.  Although Baskerville acknowledged that he suffers from a mental illness, his inconsistent assessment of his illness — when first asked, he reported that he suffers from mild schizophrenia,

5

and, on reconsideration a few minutes later, bipolar disorder — demonstrated a lack of insight.  Baskerville further demonstrated how some of his symptoms may interfere with his treatment decisions by (1) interrupting the hearing multiple times, (2) objecting to taking psychiatric medications because "they're DNA altering chemical substances," and (3) explaining that he was being targeted for these medications by a "wicked cabal . . . blind[ly] acquiescing to . . . the devil himself" because he is a very dangerous "master teacher."  Moreover, despite his acknowledgement that he suffers from some sort of mental illness causing "outbursts," Baskerville considered yoga and dance to be sufficient therapy.

¶ 14    We defer to the district court's impressions at the evidentiary hearing and decline to reconsider its assignment of weight to certain evidence and its resolution of evidentiary conflicts.  *See R.C.,* ¶ 7.  Viewing the evidence in the light most favorable to the People, we conclude that the foregoing evidence is more than sufficient to support the court's finding by clear and convincing evidence that Baskerville is incompetent to effectively participate in his treatment decisions.  *See Ramsey,* ¶ 23.  Thus, we won't disturb the court's decision.

## B.  The Fourth *Medina* Element

¶ 15    In assessing the sufficiency of evidence for the fourth *Medina* element, a court must determine (1) "whether the patient's refusal is bona fide and legitimate" and, if so, (2) "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Medina*, 705 P.2d at 974.

¶ 16    The district court found that Baskerville's interests in avoiding sedation and observing his religious beliefs were bona fide and legitimate.  This finding is undisputed.  Baskerville challenges only the court's finding that his prognosis without treatment is so unfavorable that his interest in refusing medication must yield to the State's interests in preserving his health and in protecting the safety of those in CMHHIP.  He offers only a conclusory argument that the court erred in finding that Baskerville's interests were outweighed by his need for treatment.  We perceive no error.

¶ 17    Dr. Pillai testified that during his most recent visit to CMHHIP, Baskerville had been agitated and attempted to incite fights with his

peers on multiple occasions, requiring CMHHIP staff to intervene. He further testified that the aggressive incidents were decreasing with the administration of Depakote and that without psychiatric medications, Baskerville was likely to suffer a significant and long-term deterioration in his condition. As to the side effect concerns, Dr. Pillai acknowledged that Baskerville had complained of sedation and that some level of sedation could continue. But Dr. Pillai opined that Baskerville's need for medication to avoid more frequent and intense agitation and aggressiveness toward his peers in CMHHIP outweighed his interest in refusal.

¶ 18    Based on this evidence, the district court found that Baskerville's need for treatment was sufficiently compelling to override his religious and side effect concerns. Because the record supports the court's finding on this element, we won't disturb it, *see Ramsey*, ¶ 23, and to the extent Baskerville asks us to re-weigh the evidence, we decline to do so, *see R.C.*, ¶ 7.

## IV.    Disposition

¶ 19    The order is affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.